UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIGUEL ANGEL REYES ZARAGOZA, *individually and on behalf of others similarly situated*,

*Plaintiff*,

-against-

MI BARRIO TORTILLERIA CORP (d/b/a MI BARRIO TORTILLERIA), MIGUEL CARRERA, and NELSON CARRERA,

*Defendants*.

20-CV-3220 (ARR) (JAM)

MEMORANDUM & ORDER

ROSS, United States District Judge:

Plaintiff, Miguel Angel Reyes Zaragoza ("Mr. Reyes"), initiated this case on behalf of himself and others individually situated, against his former employer, Mi Barrio Tortilleria Corp., and its alleged owners, officers, and/or agents, Miguel and Nelson Carrera, (collectively "Defendants"), on July 17, 2020. (*See* Compl., ECF No. 1.) On March 31, 2025, plaintiff's counsel filed a Suggestion of Death indicating that Mr. Reyes passed away more than two years earlier. (ECF No. 55.) Between April and June 2025, plaintiff's counsel filed multiple status reports and extension requests indicating that he was searching for a substitute plaintiff. (ECF No. 56, 59, 60, 62.) Magistrate Judge Marutollo extended the deadline for filing a substitution motion five times and set a final deadline of September 2, 2025. (Scheduling Order 8/27/25.) On August 27, 2025, plaintiff's counsel filed a letter indicating that he was unable to find an appropriate substitute plaintiff and would not file a motion to substitute. (ECF No. 63.)

In light of counsel's representations, I am compelled to dismiss the case pursuant to Federal Rule of Civil Procedure 25(a), which states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the

>decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*.

Fed. R. Civ. P. 25(a)(1) (emphasis added).  The circumstances here clearly mandate dismissal, as 164 days have passed since the Suggestion of Death was filed and no motion for substitution has been made.  Further, because dismissal is mandated by operation of Rule 25(a)(1)—not requested by the plaintiff—it must be entered with prejudice.  *See Grinblat v. 1200 Victory Mgmt. Corp.*, No. 1:19-CV-7300-FB-RML, 2021 WL 2634765, at *1 n.1 (E.D.N.Y. June 25, 2021).

In so concluding, I note that Mr. Reyes's proposed class was never certified, so no putative class members will suffer prejudice from the dismissal.  Nothing in the instant order should be interpreted to affect the right of other individuals to bring similar claims against the defendants.

For the foregoing reasons, the case is DISMISSED WITH PREJUDICE.

SO ORDERED.

                                                    /s/ ARR
                                            Allyne R. Ross
                                            United States District Judge

Dated:        September 11, 2025
                Brooklyn, New York